UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN CATES, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-01504-CDB (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRE PLAINTIFF TO PAY THE $402.00 FILING FEE IN FULL <br><br> (Doc. 2) <br><br> **FOURTEEN (14) DAY DEADLINE** <br><br> Clerk of Court to assign a district judge. |

**I.    BACKGROUND**

Plaintiff Edward Vincent Ray, Jr., is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff filed a complaint and a motion to proceed *in forma pauperis* on November 21, 2022. (Docs. 1, 2.) Although this case is pending, Plaintiff re-filed this case with photocopies of these pleadings on February 2, 2023, in Case No. 1:23-cv-00164-GSA.

Upon review of Plaintiff's prisoner litigation history and his complaint, the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical harm at the time he filed the action. Therefore, the Court

recommends that Plaintiff's motion to proceed *in forma pauperis* ("IFP") (Doc. 2) be denied under 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $402.00 filing fee in full to proceed with the action.

## II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis* ("IFP").  The statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP."  *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule").  The objective of the Prison Litigation Reform Act is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Not all dismissed cases qualify as a strike under section 1915(g). *King*, 398 F.3d at 1121. In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *Id.* at 1116 n.1 (internal quotations omitted).

Once a prisoner has accumulated three strikes, he is prohibited by 28 U.S.C. § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting section 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").  To meet this burden, Plaintiff must provide "specific fact allegations of ongoing serious physical injury,

or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger are insufficient.  *Herbaugh v. San Diego Sheriff's Dep't*, 2018 WL 5024802, at *2 (S.D. Cal. Oct. 17, 2018) (quoting *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998)).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002); *see Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.").

Additionally, to qualify for the imminent danger exception, the plaintiff must show a nexus between the imminent danger alleged and the claims asserted.

> In deciding whether such a nexus exists, [the court] will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*].

*Stine v. Fed. Bureau of Prisons*, No. 1:13-cv-1883-AWI-MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)). Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. *Cervantes*, 493 F.3d at 1055 (9th Cir. 2007).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), the proper procedure is to dismiss the case without prejudice because the filing fee is required when the action is initiated.  *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)).  A plaintiff may still pursue his claims if he pays the civil and administrative filing fees required by 28 U.S.C. § 1914(a).

**III.   DISCUSSION**

    **A.   Three Strikes Provision**

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Here, the Court takes judicial notice of the following cases filed by Plaintiff

3

and dismissed for frivolousness or failure to state a claim, each of which counts as a "strike":[1]

    (1)    *Ray v. Schoo*, Case No. 5:10-cv-00942-VAP-PJW (C.D. Cal. Jan. 2, 2014) (dismissing case for failure to state a claim upon which relief may be granted);

    (2)    *Ray v. Carter*, Appeal Case No. 14-17369, (9th Cir. Dec. 13, 2014) (finding Plaintiff's appeal was frivolous);

    (3)    *Ray v. Rogers*, Case. No. 5:16-cv-05483-EJD (N.D. Cal. Jan. 17, 2017) (dismissing case for failure to state a claim upon which relief may be granted);

    (4)    *Ray v. Leal*, Appeal Case No. 16-16482, (9th Cir. Mar. 14, 2017) (dismissing case for failure to state a claim upon which relief may be granted);

    (5)    *Ray v. Jefferson*, Case No. 4:16-cv-02652-YGR (N.D. Cal. Apr. 27, 2017) (dismissing case for failure to state cognizable claims); and

    (6)    *Ray v. Basa*, Appeal Case No. 16-17290, (9th Cir. June 14, 2017) (dismissing appeal as frivolous).

Based on the foregoing, the Court finds that Plaintiff had at least three "strikes" prior to filing this action. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052–53.

**B.**    **Imminent Threat Exception**

    **1.**    **Contaminated Water**

The complaint contains an "Imminent Danger Allegation" and a claim asserting that he is in imminent danger of serious physical injury because the water at CCI is contaminated with lead and/or coliform bacteria, and it is used for drinking, showering, meal preparations, and clothes-washing. (Doc. 1 at 3–4.) These sections of complaint are photocopies of pages in the complaint filed by Plaintiff in *Ray v. Ribera*, No. 1:19-cv-01561-AWI-SKO (PC), 2019 WL 5887193 (E.D. Cal. Nov. 12, 2019), *F.&R. adopted*, 2019 WL 6840153 (E.D. Cal. Dec. 16, 2019).[2] In *Ribera*, before the complaint could be screened, this Court denied Plaintiff's motion to proceed *in forma*

---

[1] This list is non-exhaustive.

[2] In the Imminent Danger Allegation in this case, Plaintiff added a single line that states, "He is in imminent danger by being housed with enemies." (Doc. 1 at 3 (alteration in original).)

4

*pauperis* ("IFP") and then dismissed the complaint for Plaintiff's failure to pay the filing fee as ordered. This Court determined that Plaintiff had three or more strikes under 28 U.S.C. § 1915(g) and he was not under imminent danger of serious physical injury at the time of filing the complaint. *Ribera*, 2019 WL 6840153, at *1. In making this determination, without ruling on the claims on the merits, the Court found: "As an initial matter, Plaintiff provides no basis for the allegation that the prison's water supply is contaminated or that he is being poisoned." (*Id.*)

In the instant case, the Court has again reviewed Plaintiff's allegations concerning contaminated water. Plaintiff states only that it is "common knowledge" that CCI was constructed at a time when people were not aware of the dangers of using lead pipes and that no amount of lead or other contaminants is acceptable. Plaintiff asserts this is why bottled water is so popular worldwide, and CCI employees carry bottled water every day "for their own protection." (Doc. 1 at 4.) These assertions are speculative and do not support Plaintiff's claim that the water at CCI is contaminated or that he is being poisoned. The Court again finds that Plaintiff fails to provide a factual basis for his conclusory allegation of imminent danger based on contaminated water.

## 2.     Integration of Violent and Nonviolent Inmates

Plaintiff raises a second, unrelated claim that Defendants are forcing him to be housed with "known enemies." (*Id.* at 5.) Plaintiff was an inmate housed in general population ("GP inmate") for six years but is now a sensitive needs yard inmate ("SNY inmate"). On November 19, 2018, Plaintiff was transferred to a Non-Designated Programming Facility ("NDPF"), where GP and SNY inmates are integrated.

According to Plaintiff, the two "factions" are "mortal enemies," and the more violent GP inmates constantly label, threaten, target, attack, and attempt to hurt or kill SNY prisoners. (*Id.*) He alleges that GP inmates constitute gangs who engage in criminal activity and control NDPFs, while "Defendants turn a blind eye to, and/or cannot control" the GP gangs' illegal acts. (*Id.*) Plaintiff alleges he has been spat on, kicked, punched, extorted, and pushed; he has suffered several black eyes and bruised ribs; his property has been stolen; and he is slandered on a daily basis.

While Plaintiff has suffered some physical injuries in the past, he has not alleged the attacks were committed by known GP inmates, committed because he was an SNY inmate, or the result of NDPF integration of inmates. The allegations of violence are vague and do not specify when the attacks occurred. Moreover, Plaintiff waited two years to file this action after being moved to the NDPF with the violent GP gangs. Even accepting Plaintiff's allegations are true, the Court finds that Plaintiff has failed to demonstrate he was in imminent danger at the time he filed this action.

### III.     CONCLUSION

Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action.

Accordingly, it is RECOMMENDED that:

1.   Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), be denied; and
2.   Plaintiff be ordered to pay the $402.00 filing fee in full if he wants to proceed with this action.[3]

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

///

///

---

[3] This Court and other courts within the Circuit have denied or revoked Plaintiff's IFP status in numerous other cases. *See, e.g.*, *Ray v. Sullivan*, Case No. 1:20-cv-01699-NONE-HBK (PC) (E.D. Cal. June 2, 2021); *Ray v. Chefalo*, Case No. 1:20-cv-01515-AWI-GSA (PC) (E.D. Cal. Jan. 20, 2021), *affirmed*, No. 21-15238 (9th Cir. Sept. 1, 2021); *Ray v. Ribera*, Case No. 1:19-cv-01561-AWI-SKO (PC) (E.D. Cal. Dec. 16, 2019), *affirmed*, 2022 WL 2817484 (9th Cir. July 19, 2022). Typically, in such cases, the Court ordered Plaintiff to pay the filing fee and dismissed the action for Plaintiff's failure to comply and pay the fee. Plaintiff routinely appeals judgments based on the denial of IFP, but the judgments are affirmed or the appeals are dismissed for failure to pay the appellate filing fee.

1   838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

2   The Clerk of Court is directed to assign a district judge to this case.

3   IT IS SO ORDERED.

4   Dated:   **March 9, 2023**

5   UNITED STATES MAGISTRATE JUDGE